### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

JAMES GUNNELLS,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 08-CV-584-FHM

### OPINION AND ORDER

The Commissioner's Motion to Reverse and Remand for Further Administrative Proceedings [Dkt. 19] is GRANTED.

The Commissioner seeks remand of the case "so that the ALJ can evaluate the severity of Plaintiff's alleged impairments in accordance with the procedure set forth by relevant case law, regulations, and rulings." [Dkt. 19, p. 1]. The Commissioner asserts that on remand the ALJ will evaluate the medical opinion evidence and provide an appropriate explanation for accepting or rejecting such opinions in accordance with the relevant regulations and Social Security Rulings. In particular, the ALJ will focus on the opinion evidence of Plaintiff's treating physician and the State agency physician.

Plaintiff objects to the motion for remand because he asserts that this is a case where additional fact finding would not serve a useful purpose and therefore the case should be disposed by a remand for benefits. Plaintiff's also asserts that his appeal addresses the infirmities of the ALJ's credibility analysis, which the Commissioner does not propose to address on remand. Plaintiff states that if the case is remanded, the order

should require the ALJ to consider his credibility in accordance with 20 C.F.R. § 404.1529 and SSR 96-7p.

The court has reviewed the parties' briefs, the ALJ's decision, and Plaintiff's Memorandum Brief in support of his appeal. The court finds that the Commissioner's Motion to Reverse and Remand for Further Administrative Proceedings [Dkt. 19] should be granted. It is appropriate for the Commissioner to review the case and concede that legal errors were committed by the ALJ which justify remand. The motion for remand is being granted because the evaluation of a treating physician's opinion involves weighing of evidence which is a function that is committed to the Commissioner, not the court. However the court notes that, for the most part, the ALJ's credibility determination consists of a boilerplate recitation of standards to be applied in making the determination. [Dkt. 16, p. 17-19. An ALJ's decision must contain a discussion of the credibility analysis and must explain why it was determined that the testimony was not credible. *Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). Furthermore, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hamlin v. Barnhart*, 365 F.3d 1208, 1220 (10th Cir. 2004) (further citation omitted). On remand, in accordance with the above-cited authorities, the ALJ is also required to provide a discussion of the credibility determination.

The Commissioner's Motion to Reverse and Remand for Further Administrative Proceedings [Dkt. 19] is GRANTED as provided herein.

SO ORDERED this 10th day of June, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

2